## P. D. REEDER ET AL. v. W. J. EIDSON.

Decided June 2, June 24, 1909.

**1.—Trespass to Try Title—Abstracts of Title.**

A second abstract of title filed by a party in an action of trespass to try title and not apparently intended to supersede the former abstract, is to be taken in connection therewith and the two considered together in determining whether or not the opposite party had received notice of the title papers proposed to be introduced in evidence.

**2.—Brief—Statement.**

An assignment of error upon the refusal of a charge submitting defendant's plea of limitation should be followed in the brief by a statement showing the charge refused and the facts in connection with it necessary to determine whether the charge would have been proper.

**3.—Estoppel—Landlord and Tenant.**

A tenant is estopped from questioning the title of his landlord during the continuance of the lease; but when that relation terminates he has the right to assert any title that he has against the landlord.

ON MOTION FOR REHEARING.

**4.—Statement of Facts.**

Where a case is reversed upon appeal on a question of law not dependent upon the facts, it is unnecessary to pass upon the merits of a motion by appellee to strike out the statement of facts.

**5.—Practice on Appeal—Exclusion of Evidence—Statement of Facts—Bill of Exceptions.**

Where the action of the court in excluding from the evidence deeds offered by appellant, and the relevancy of the evidence offered, are shown by the bill of exception, the alleged error will be considered, independent of what may be shown by the statement of facts.

**6.—Trespass to Try Title—Use and Occupancy—Improvements.**

Plaintiff in trespass to try title is limited in his recovery for the use and occupancy of the land to two years prior to the commencement of the suit, except where the claim for improvements by defendant is greater than that for such use and occupancy, in which case the value of the latter for a longer period may be considered for the purpose of balancing the claim for improvements.

Appeal from the District Court of Coke County. Tried below before Hon. J. W. Timmins.

Suit in trespass to try title brought by appellee on August 12, 1905, against appellant, P. D. Reeder, to recover two tracts of land situated in Coke County, Texas, containing 160 acres each. Appellant Reeder filed a plea of not guilty; plead the statutes of three, five and ten years limitation; improvements in good faith, and impleaded appellant, R. K. Wylie, on his warranty and asked that, should judgment be rendered against him in favor of appellee, he have judgment for the purchase money paid by him to said Wylie, and that the unpaid note given by him to said Wylie as a part of the purchase price of the land in controversy in this suit be cancelled. Appellant Wylie filed a general denial and plea of not guilty as to the plaintiff's petition, and a special answer admitting the sale to appellant Reeder and declaring on a note given by said Reeder to him in part payment

of the purchase money for said land, and prayed for a foreclosure thereof. The case was tried before a jury, which by verdict found in appellee's favor for title to the land and three hundred dollars rents, and in favor of appellant Reeder against appellee six hundred dollars for improvements, and in favor of said Reeder against appellant Wylie on his warranty the amount claimed by said Reeder in his answer, on which judgment was rendered by the court. Appellants excepted and gave notice of appeal.

*R. B. Truly, C. H. Willingham* and *Averitt & Patterson,* for appellants.—The defendants having filed an abstract of the title relied on by them, if same was defective in any particular, the defect could not be taken advantage of by objection to the admission of the deed so defectively described, but motion should have been made to have such defect cured before announcement for trial. Rev. Stats., art. 5263; Stokes v. Riley, 29 Texas Civ. App., 376.

The omission of the execution and return from the abstract of title filed by defendants would not be ground for rejecting them when offered in evidence by defendants unless plaintiff had by proper motion to have said abstract corrected, made before announcement for trial, put defendants on notice that said objection would be urged, and defendants had failed to correct said defects by amendment. Rev. Stats., art. 5263; Stokes v. Riley, 29 Texas Civ. App., 376.

No motion having been made before announcement for trial pointing out defects and omissions in the abstract of title filed by defendants, objection being made and sustained to the introduction of defendants' title papers and said title papers excluded by the court because of such omissions and defects, the court should have permitted defendants to file an amended abstract of title, as a trial amendment, for the purpose of curing such defects. Rev. Stats., art. 5263; Western U. Tel. Co. v. Bowen & Co., 84 Texas, 476.

The sheriff's deed was admissible in evidence and was prima facie evidence that the sale was made on a valid execution, and the testimony of the sheriff who made said deed was admissible to show that the land therein conveyed was situated in Coke County. Reeder v. Eidson, 102 S. W., 750.

The court should have charged the jury, in estimating the value of the use and occupation of the land in controversy, to confine such period to two years prior to the time plaintiff filed his claim for such use and occupation. Rev. Stats., art. 5273.

The plaintiff, after the land herein sued for had been sold under execution to defendant Wylie, and said Wylie had gone into possession under the sheriff's deed, by his act in leasing said land from said Wylie, recognized said Wylie's title thereto and is estopped to deny the title of said Wylie. Towery v. Henderson, 60 Texas, 291.

*L. H. Brightman,* for appellee.—Where, in trespass to try title, an abstract of title has been demanded, the documentary evidence will be confined to that set out in the abstract, and on objection the court will exclude any instrument not so described. Rev. Stats., art. 5162.

An instrument not included in the abstract of title is not admissible in evidence. Rev. Stats., art. 5263.

A sheriff's deed under execution is not admissible in evidence until the execution on which said deed is based is first proved. Wofford v. McKinna, 23 Texas, 44; Leland v. Wilson, 33 Texas, 91.

The appellant having pleaded improvements in good faith, the appellee was entitled to the value of the use and rents on the land. Rev. Stats., art. 5274.

The court erred in holding that both abstracts of title could be considered, and that one was not an amendment of the other, and in not holding that abstracts of title could only be amended as other pleadings. Rev. Stats., art. 5263.

FISHER, CHIEF JUSTICE.—The nature of this suit is fully stated in the opinion rendered on the former appeal of this case, to be found reported in 102 S. W., p. 750.

We are inclined to the opinion that the two abstracts of title filed by the appellants in the court below of date January, 1908, and September, 1908, should be considered together, and that the trial court erred in not permitting the appellants to introduce in evidence the deed from Eidson and wife to Guess Swift and Gay, of date March 17, 1893. There is nothing appearing upon the face of the record that the abstract of September 22 was to entirely supersede the former abstract filed in January, and we can see no reason why the two could not be considered together in determining whether or not the appellee had received notice of the title papers proposed to be introduced in evidence by the appellants.

The point raised in the second assignment of error will doubtless be cured before another trial by the appellants filing an additional or a new abstract of title, which would embrace the execution and the evidence that they propose to offer in connection therewith. If the execution, or the evidence showing that one was issued and was lost, is introduced upon another trial, of course, the appellants would have the right to offer in evidence the sheriff's deed executed thereunder. What we have said, in effect, disposes of the fifth assignment.

The error pointed out in the sixth assignment will doubtless be corrected upon another trial. As we construe the statute it only authorized a recovery for the use and occupation of the premises two years prior to the filing of the suit.

The question of limitation presented in the seventh assignment of error is not properly presented in the brief. The special charge requested is not set out and the facts in connection with it are not sufficiently stated in order to determine whether the charge would have been proper. If the facts justify it, the appellants will have the opportunity to have this issue passed upon on another trial.

The eighth and ninth assignments are disposed of by our reversal on the first question discussed.

The meager facts stated under the tenth assignment are not sufficient to show that the appellee is estopped to question the title obtained by Wylie at execution sale. Of course, if he leased from Wylie he could not question Wylie's title during the continuance

of that lease, but when that relationship terminated he had the right to assert against Wylie any title that he had.

For the reasons stated the judgment is reversed and the cause remanded.

### OPINION ON REHEARING.

In the motion for rehearing it is claimed that we erred in not striking out the statement of facts. The appellee filed in this court on May 15, 1909, a motion to strike from the record the statement of facts for several reasons stated in the motion. On the same day that the case was reversed and remanded, June 2, 1909, we overruled this motion without passing upon the merits of the motion or determining whether the reasons advanced by appellee were well taken or not. Appellee doubtless overlooked the endorsement that we made upon the back of the motion when the same was overruled. It is as follows: "Without passing upon the merits of the motion, the same is overruled because not necessary to be considered as case is reversed on a question of law not dependent upon the facts." We reversed and remanded because the trial court refused to admit in evidence certain deeds offered by the appellant, which, if admitted, would have had the effect of showing that the appellee Eidson and wife had parted with their title. The action of the court in this respect and the relevancy of the evidence referred to all appeared from the bills of exception, consequently, the error was one of law and would require a reversal of the judgment in favor of appellee, independent of what may be shown by the state of facts.

In the original opinion, in disposing of the question presented by appellant's sixth assignment of error, we said: "The error pointed out in the sixth assignment will doubtless be corrected upon another trial. As we construe the statute, it only authorized a recovery for the use and occupation of the premises two years prior to the filing of the suit." The specific point of error here raised is claimed by the appellant to be the refusal of the court to give an instruction to the effect that the plaintiff would not be entitled to recover for use and occupation of the land in controversy for a longer period than two years prior to the commencement of the suit. This is clearly the meaning of the statute as indicated by article 5273 and subdivision 2 of article 5278. But upon a re-examination we find there is an exception to and a qualification of this rule as fully appears in article 5279, and that is to the effect that where the claim for improvements is greater than that for the use and occupation during the period of time indicated in the two first mentioned sections, value of the use and occupation for a longer period may be considered for the purpose of balancing the claim for improvements.

If upon another trial a charge is so framed as to embody this view, appellants would be entitled to have the question submitted to the jury if the facts justify it.

We have considered all the other questions raised in the motion, and the same is overruled.

*Reversed and remanded.*